CHRUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

GEORGE A.,

            Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

───────────────────────────────

21-CV-06704-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 19)

Plaintiff George A.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 14) is granted, and defendant's motion (Dkt. No. 17) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff initially filed for SSI on October 27, 2014, alleging a disability onset date of October 1, 2014. (Administrative Transcript ["Tr."] 165-71). Plaintiff's application was ultimately denied by the Commissioner, and Plaintiff appealed the denial to this Court. On March 17, 2020, Magistrate Judge Jeremiah J. McCarthy issued a Decision and Order remanding the case for further administrative proceedings. (Tr. 692-703). On remand, on August 2, 2021, Administrative Law Judge Michael W. Devlin ("the ALJ") conducted a telephonic hearing, at which Plaintiff participated with counsel. (Tr. 603-27). A vocational expert also testified at the hearing. At the hearing, plaintiff sought coverage for only a closed period from October 1, 2014, through November 1, 2018. (Tr. 582). On August 19, 2021, the ALJ issued an unfavorable decision. (Tr. 582-602). Plaintiff filed this action rather than proceeding before the Appeals Council.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." Id. §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." Id. §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." Id. §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." Id. §§404.1520(c),

416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education,

and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

At the first step of the sequential evaluation, the ALJ found that Plaintiff did not engage in substantial gainful activity from October 1, 2014, the alleged onset date, to November 1, 2018, the closed period of coverage, with Plaintiff admitting to engaging in substantial gainful activity after November 1, 2018. (Tr. 582, 584). Next, at step two, the ALJ determined that Plaintiff has the following severe impairments: status post right wrist/arm fracture (1996); and obesity. (Tr. 585-87). Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 588). Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except he was limited to being able to occasionally lift and/or carry 20 pounds; he was limited to frequently lift and/or carry 10 pounds; he can stand and/or walk about six hours in an eight hour day; the claimant can sit about six hours in an eight hour day; he can occasionally push and/or pull 20 pounds; the claimant can frequently climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; he can never climb

ladders/ropes/scaffolds; and the claimant can occasionally reach, handle, and finger with the dominant right upper extremity.

(Tr. 588-95).

At step four of the sequential evaluation, the ALJ found that Plaintiff is unable to perform any past, relevant work. (Tr. 595-96). At step five of the sequential evaluation, the ALJ determined that Plaintiff can perform jobs that exist in significant numbers in the national economy. (Tr. 596-97). Accordingly, the ALJ found that Plaintiff is not disabled under the Act. (Tr. 597).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the ALJ erred in formulating Plaintiff's RFC because, although he gave the 2015 medical opinion of consultative examiner Dr. Harbiner Toor, M.D., "significant weight," he failed to explain adequately why he rejected those portions of Dr. Toor's opinion finding that Plaintiff was "unable to use his right arm because of injury and pain" and was "unable to use his right hand because of injury and pain." (Tr. 285). The Court agrees that this was error.

Generally, an ALJ must "reconcile discrepancies between [his] RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). When the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id.* While an "ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions." *Id.*; *see also Caternolo v. Astrue*, 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("It is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.") (internal quotations omitted). Indeed, "[u]nder the

Commissioner's own rules, if the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" *Dioguardi*, 445 F. Supp. 2d at 297 (quoting SSR 96-8p, 1996 WL 374184 (S.S.A. 1996)). "Thus, when an ALJ adopts only portions of a medical opinion, he [or she] must explain why he [or she] rejected the remaining portions." *Dotson v. Berryhill*, 2018 WL 3064195, at *3 (W.D.N.Y. June 21, 2018) (remanding when ALJ accepted a portion of a medical source statement, but ignored the specific limitations); *see also Renee M. B. v. Comm'r of Soc. Sec.*, 2021 WL 716704, at *7 (W.D.N.Y. Feb. 24, 2021) (remanding where ALJ "appeared to incorporate some ... limitations and their severity, but not others, into the RFC, with no explanation" because "her failure to explain her reasoning was a legal error"). Failure to provide an explanation is error. *See, e.g., Lawrence v.Comm'r of Soc. Sec.*, 2018 WL 4509490, at *8 (N.D.N.Y. Sept. 18, 2018) ("[T]he ALJ's failure to explain why he chose not to incorporate certain limitations set forth in the medical source statement despite explicitly affording great weight to Dr. Long's opinion leaves the ALJ's otherwise thorough decision lacking the clarity necessary to enable this Court to determine whether the ALJ's findings are supported by substantial evidence.").

As noted, the ALJ gave Dr. Toor's 2015 opinion significant weight. (Tr. 593). Yet, he rejected those portions of Dr. Toor's opinion finding that Plaintiff had **no** use of his right arm and right hand, which were his dominant arm and hand. (Tr. 594). The only reasoning that the ALJ offers for this rejection is that "the undersigned finds there is some functioning in the arm, and therefore this portion of the statement is not fully consistent with the record." (Tr. 594). He fails, however, to explain why he finds the arm to be functional and fails to cite to any medical record evidence in support of his conclusion. In

addition, he does not even mention Plaintiff's unusable right hand. The ALJ seems to be relying on his own lay opinion which is directly contrary to Dr. Toor's medical opinion, rendered after a physical examination of the Plaintiff. Similarly, the ALJ found that Plaintiff could lift a certain amount of weight but offers no explanation as to where in the record there is support for such highly specific findings. (Tr. 594). The ALJ must facilitate meaningful review by this Court by providing a sufficient explanation as to why he rejected Dr. Toor's opinion that Plaintiff could not use his right arm and right hand. His failure to do so is error and the case must be remanded. *See Isaac S. v. Comm'r of Soc. Sec.*, 2021 WL 1339450, at *5 (W.D.N.Y. Apr. 9, 2021); *Luis R. v. Comm'r of Soc. Sec.*, 2021 WL 3615703, at *4 (W.D.N.Y. Aug. 16, 2021); *Britt v. Comm'r of Soc. Sec.*, 2020 WL 5077020, at *3 (W.D.N.Y. Aug. 27, 2020) (remand was warranted "where medical opinion found plaintiff 'was moderately limited in sitting a long time[,]' but the RFC determination failed to explain 'why[ ] the ALJ found that [plaintiff] could sit for six hours out of an eight-hour work day.'").

The Court further finds that the remand should be solely for the computation and payment of benefits to the Plaintiff, because: (1) Plaintiff applied for benefits nine years ago; (2) Plaintiff is now 56 years old; (3) the case was already remanded once before by this Court; (4) the Plaintiff is seeking benefits for a relatively short, closed period of time; (5) the record contains persuasive and substantial evidence of disability, namely the 2015 medical opinion of the consultative medical examiner that Plaintiff had no use of his dominant right arm and right hand during the closed period in question[3]; and (6) remand

---

[3] Dr. Toor further opined that Plaintiff "has moderate to severe limitations standing, walking, and bending." (Tr. 285).

for further evidentiary proceedings would serve no useful purpose. *See McClain v. Barnhart*, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability.") (citations omitted); *Lark v. Colvin*, 13-CV-3034, 2016 U.S. Dist. LEXIS 42225 (W.D.N.Y. Mar. 30, 2016); *see also Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980) (remand solely for calculation of benefits appropriate where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose").[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is granted, and defendant's motion for judgment of the pleadings (Dkt. No. 17) is denied. The case is remanded solely for the computation and payment of benefits to the Plaintiff.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   November 28, 2023
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] The Court notes that the vocational expert was not presented with a hypothetical where Plaintiff could not use his dominant right arm and right hand.